SMITH & NICHOLS, INC. *v.* UNITED STATES [1]

---

United States Customs Court, First Division

(Decided July 22, 1938)

*James W. Bevans* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, special attorney), for the defendant.

Before McClelland, Sullivan, and Brown, Judges; Brown, J., not participating

McClelland, Presiding Judge: The merchandise the classification of which is the subject of these protests is described on the invoices as "mineral wax (Terrenit)" or "brown coal bitumen" and was assessed with duty at the rate of 20 per centum ad valorem under the provision for "manufactures of * * * wax, or of which these substances or any of them is the component material of chief value, not specially provided for", in paragraph 1536 of the Tariff Act of 1930. The claim in each of the protests is that the merchandise is entitled to free entry under paragraph 1796 of the free list, which reads as follows:

Par. 1796. Wax: Animal, vegetable, or mineral, not specially provided for.

When the protests were called for trial, prior to taking them up on the merits, counsel for the Government moved that protest 924373–G be dismissed—

on the ground that it does not comply with the provisions in Section 514, Tariff Act of 1930, where Congress has set forth the mandatory provision that in a protest must be set forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto.

So far as pertinent, protest 924373–G reads as follows:

Collector of Customs,
Port of New York.

Sir: Protest is hereby made against your decision, liquidation, and assessment of duties under the Tariff Act of 1930, as follows:

On wax assessed with duty at 20% ad valorem under Par. 1536;
or other merchandise contained in the cases or packages marked and numbered as described on the entries and invoices thereof, mentioned below, to which for more certainty of description reference is hereby had.

Said merchandise is not dutiable as assessed, but is dutiable, or exempt from duty under said Act, as follows:

Free of duty under Par. 1796.

Each of the above claims is made, and only made, with the proviso and conditionally, that the rate claimed is lower than the rate assessed. The parts of the law referred to in the above claims are the only, or the most apt and specific, ones for said merchandise or articles and should control the classification.

After making the motion quoted above, counsel for the Government added:

The Government contends that the mere mention of a paragraph does not set forth specifically the reasons why they object to the collector's action.

In our opinion the language used in the protest was sufficient to direct the collector's attention to the fact that his classification of the merchandise and assessment of duty thereon at the rate of 20 per centum under paragraph 1536 were disputed for the reason that the protestants believed the merchandise to be entitled to free entry under paragraph 1796. The motion to dismiss is therefore denied.

According to the testimony of George P. Dunn, a witness called on behalf of the plaintiff, the business of the latter is the importation, purchase, and sale of all kinds of waxes. He testified that he had been connected with the plaintiff corporation for nineteen years, four years as employee, nine years as treasurer, and six years as president, during which time he had had personal contact with the purchases and sales of the corporation in the type of wax here in issue. He saw the involved merchandise at the time it was imported, and identified it from a physical inspection made at that time as montan wax, such as he had previously sold to the trade under that name. From his personal knowledge he was able to testify that the importations in issue had been sold as montan wax and that there had been no rejections or objections from the customers in the trade to whom it had been sold.

It appears that montan wax is obtained from lignite, or brown coal—

by grinding up the coal and treating it with a solvent, generally petroleum ether, light gasoline, that dissolves out this waxy matter * * * and the solution is evaporated, leaving this montan wax.

Dr. Ralph W. Bailey, who, according to his testimony, was a chemist of forty-five years' experience, and who had been connected with a firm of analytical and consulting chemists for the past thirty-five years, testified for the plaintiff that he had analyzed a sample shown to have come from one of the importations at bar.

Dr. Dwight O. Bartlett, a chemist of thirty years' experience, testified that as a Government chemist he had also analyzed a sample from one of the importations in issue.

The results of these gentlemen's analyses are not materially different, since both found rosin in the samples they analyzed present to the extent of 10 to 15 per centum as a mechanical mixture with the wax. In all other respects the material appeared to be montan wax.

Dr. Bailey could not say whether the rosin had been added or was naturally present as an impurity, but Dr. Bartlett testified that during the past ten years he had made fifty to one hundred analyses of importations of montan wax and had not found rosin in any of them.

It is strenuously urged by counsel for the Government that this latter fact proves that the rosin was added to montan wax to form the imported article, and that the addition of rosin *ipso facto* made the article a manufacture of wax for tariff purposes.

By a long line of decisions, among which may be cited *Hartranft v. Wiegman,* 121 U. S. 609, and *Anheuser Busch Brewing Assoc. v. United States,* 207 U. S. 556, it has been established that to be considered, for tariff purposes, a "manufacture of" a material, an article must, by reason of processing or treatment, have received a new name, character, or use different from that attributable to the material. Such is not the case here. Whether the rosin was added or was naturally present in the wax it appears that the article in issue is still known as montan wax and that it possessed the same character and uses as montan wax.

In this connection it might be well to cite the case of *Pure Milk Association et al.* v. *United States,* our opinion in which is reported in T. D. 49179. The merchandise there involved was paraffin wax used for covering cheese, to which had been added coloring matter, and we held that the mere addition of the coloring matter had not created a new article, the name, character, and use of the paraffin remaining unchanged.

There being no dispute that montan wax is a mineral wax, we sustain the claim in each of the protests for free entry under paragraph 1796 of the Tariff Act of 1930, the decision of the collector being reversed.

Judgment will issue accordingly.